UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | 14-148 |
| MELVIN LEWIS II | SECTION: "J" |

## ORDER & REASONS

Before the Court is a *Motion for Compassionate Release* **(Rec. Doc. 118)** filed by Defendant Melvin Lewis II. The Government opposes the motion. (Rec. Doc. 122). The Defendant filed a reply to the Government's opposition. (Rec. Doc. 125). Considering the motion and memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND[1]

On June 21, 2016, Defendant was convicted of 30 counts of mail fraud after a two-day bench trial. (Rec. Docs. 80, 82). This Court sentenced him to 240 months of imprisonment. (Rec. Docs. 93, 109). Defendant has served 49 months of that sentence and is currently housed at Oakdale I FCI with a projected release date of May 21, 2031. Defendant now moves for compassionate release, relying on the threat posed by the COVID-19 pandemic.

## LEGAL STANDARD

---

[1] Facts taken from the Government's Opposition (Rec. Doc. 122).

"A court, on a motion by the [Bureau of Prisons ("BOP")] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). To meet the exhaustion requirement, a defendant must submit a request to "the warden of the defendant's facility" for the BOP "to bring a motion [for compassionate release] on the defendant's behalf." § 3582(c)(1)(A). If the request is denied, the defendant must pursue and exhaust "all administrative rights to appeal." *Id.* Alternatively, the requirement is considered satisfied after "30 days from the receipt of such a request by the warden." *Id.* The exhaustion requirement is mandatory but not jurisdictional, meaning it may be waived if the Government does not raise it. *See United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020); *see also Fort Bend Cnty. v. Davis*, 139 S. Ct. 1843, 1849 (2019).

## DISCUSSION

Defendant asserts that he exhausted his administrative remedies on or about March 17, 2020. (Rec. Doc. 118, at p. 1). In support of this assertion, Defendant submits a memorandum signed by Warden Rodney Myers, which warned Defendant that he is at high-risk of severe illness if infected with COVID-19. (Rec. Doc. 118, at p. 5). In response, the Government argues that the memorandum cited by Defendant was not a response to a request made to the Warden, but instead, it was generated by the Health Services Unit on their own initiative to alert Defendant to be extra

cautious due to his underlying health conditions, which is supported by an e-mail submitted by the Government from Gerard Rawls, BOP Supervisory Attorney. (Rec. Doc. 122-2). Gerard Rawls also indicated that Defendant never made any administrative requests for release. (Rec. Doc. 122-2). Therefore, the Court finds that Defendant did not exhaust his administrative remedies.

As stated above, the exhaustion requirement is mandatory. *Franco*, 973 F.3d at 468. Further, the Government raised exhaustion as an argument in its opposition to Defendant's motion for compassionate release. (Rec. Doc. 122, at p. 12-15). Thus, since Defendant did not exhaust his administrative remedies, his motion for compassionate release must be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Melvin Lewis II's *Motion for Compassionate Release* **(Rec. Doc. 118)** is **DENIED**.

New Orleans, Louisiana, this 2nd day of December, 2020.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

3