UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | 14-148 |
| MELVIN LEWIS II | SECTION: "J" |

## **ORDER & REASONS**

Before the Court is a *Motion for Post-Conviction Relief under 28 U.S.C. § 2255* **(Rec. Doc. 137)** filed by Petitioner, Melvin Lewis, II. The Government opposes the motion. (Rec. Doc. 141). Considering the motion and memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

## **FACTS AND PROCEDURAL BACKGROUND**[1]

Petitioner was charged by complaint with mail fraud and sending threatening communications. (Rec. Doc. 1). Upon request by Petitioner, the Magistrate Judge allowed his public defender to withdraw from the case so Petitioner could represent himself. (Rec. Doc. 15). The grand jury indicted Petitioner on thirty-seven counts of mail fraud. (Rec. Doc. 16).

At his arraignment, Petitioner refused to enter a plea, claiming that he was not the person named in the indictment. (Rec. Doc. 27). The Magistrate Judge entered a plea of not guilty. (*Id.*). Petitioner also refused to sign a waiver of assistance of counsel. (*Id.*). At a later hearing to determine counsel, another Magistrate Judge

---

[1] Facts taken from the Government's Opposition (Rec. Doc. 141).

reappointed the public defender. (Rec. Doc. 29). Although Petitioner denied he was the person in the indictment and stated he did not recognize the court's jurisdiction, the Magistrate Judge found that Petitioner did not waive his right to counsel, and he did not want to represent himself. (Rec. Doc. 28).

Later, Petitioner refused to meet with his attorney, returned discovery to her, and sent her a note stating that her services were no longer needed. (Rec. Doc. 33). Months later, Petitioner sent his attorney another note, saying, "I do not want to be represented by anybody. I do not need assistance of counsel. I need to speak to a reputable counselor about my criminal complaint." (Rec. Doc. 44). Petitioner's attorney was allowed to withdraw, and another attorney from the Criminal Justice Act Panel was appointed. (Rec. Docs. 45, 47).

Before the trial commenced, Petitioner again moved to represent himself, but the district court denied his motion. (Rec. Doc. 78). Petitioner then waived his right to a jury trial, and the government and defendant proceeded to trial before the district court on thirty of the thirty-seven counts of mail fraud in the indictment. (Rec. Doc. 80).

At the conclusion of the trial, the district court found Petitioner guilty on all thirty counts of mail fraud. (*Id.*). Petitioner was sentenced to twenty years of imprisonment. (Rec. Doc. 93). Petitioner's conviction and sentence were affirmed by the Fifth Circuit Court of Appeals on September 29, 2017. (Rec. Doc. 114).

On March 24, 2021, Petitioner filed the instant motion for post-conviction relief under 28 U.S.C. § 2255, alleging that he received ineffective assistance of counsel,

various violations of his "sovereign citizen" status, and that the government never presented his criminal complaint to a federal grand jury.

## LEGAL STANDARD

28 U.S.C. § 2255(a) provides that a federal prisoner serving a court-imposed sentence may move the court that imposed the sentence to vacate, set aside or correct the sentence. Only a narrow set of claims are cognizable on a § 2255 motion. The statute identifies four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." *Id*. A claim of error that is neither constitutional nor jurisdictional is not cognizable in a § 2255 proceeding unless the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

When a § 2255 motion is filed, the district court must first conduct a preliminary review. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing Section 2255 Proceedings, Rule 4(b). If the motion raises a non-frivolous claim to relief, the court must order the government to file a response or to take other appropriate action. *Id*. After reviewing the government's answer, any transcripts and records of prior proceedings, and any

supplementary materials submitted by the parties, the court must determine whether an evidentiary hearing is warranted. Rules Governing Section 2255 Proceedings, Rule 8. An evidentiary hearing must be held unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required, however, if the prisoner fails to produce any "independent indicia of the likely merit of [his] allegations." *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).

Additionally, the Court recognizes that the defendant's pro se complaint must be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Hernandez v. Thaler*, 630 F.3d 420, 426 (5th Cir. 2011) ("The filings of a federal habeas petitioner who is proceeding pro se are entitled to the benefit of liberal construction.").

## **DISCUSSION**

Pursuant to 28 U.S.C. § 2255(f), all § 2255 petitions must be filed within one year of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the governmental impediment to making a motion in violation of the Constitution or laws of the United States is removed; (3) the date on which the newly-recognized right asserted was initially recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Beginning with the first prong, Petitioner did not file the instant § 2255 motion within one year of the date on which his conviction became final. When a defendant has sought appellate review, his judgment of conviction becomes final "when the time expires for filing a petition for *certiorari* contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 525 (2003). A petition for writ of certiorari must be filed within 90 days of the entry of the appellate court's judgment. Sup. Ct. R. 13. Petitioner's conviction and sentence were affirmed by the Fifth Circuit Court of Appeals on September 29, 2017. (Rec. Doc. 114). Thus, since he did not file a petition for writ of certiorari, Petitioner's conviction became final on December 28, 2017. As stated above, Petitioner did not file the instant § 2255 motion until March 24, 2021. Accordingly, Petitioner failed to meet the first timeliness prong of § 2255(f).

The second prong is likewise not satisfied, as Petitioner has not identified any impediment created by government action that prevented Petitioner from timely filing his § 2255 motion.

The third prong is also not satisfied, as Petitioner failed to cite a single Supreme Court case that confers upon him a new substantive constitutional right, let alone one that would apply retroactively to his case.

Finally, Petitioner failed to satisfy the fourth prong, which allows a petitioner to seek relief within one year of the time the facts presented in the application could have been discovered through due diligence. In the instant case, Petitioner alleges ineffective assistance of counsel, various violations of his "sovereign citizen" status,

5

and that the criminal complaint against Petitioner was never presented to a federal grand jury. The facts supporting any of Petitioner's claims, if true, should have been known or discoverable by Petitioner through the exercise of due diligence within one year of the date his conviction became final. Thus, the fourth prong is not satisfied.

Based on the foregoing, the Court finds that Petitioner fails to satisfy any of the prongs enumerated by § 2255(f), and his application for relief is, therefore, untimely.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Melvin Lewis, II's *Motion for Post-Conviction Relief under 28 U.S.C. § 2255* **(Rec. Doc. 137)** is **DENIED**.

New Orleans, Louisiana, this 12th day of July, 2021.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE