UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | 14-148 |
| MELVIN LEWIS II | SECTION: "J" |

### ORDER & REASONS

Before the Court is a *Motion for Compassionate Release* **(Rec. Doc. 146)** filed by Defendant Melvin Lewis II. The Government opposes the motion. (Rec. Doc. 151). Considering the motion and memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

### FACTS AND PROCEDURAL BACKGROUND

On June 21, 2016, Melvin Lewis II was convicted of 30 counts of mail fraud after a two-day bench trial. (Rec. Docs. 80, 82). This Court sentenced him to 240 months of imprisonment. (Rec. Docs. 93, 109). Lewis has served approximately 103 months of that sentence and is currently housed at Edgefield FCI with a projected release date of May 21, 2031. This Court previously denied Lewis's Motion to Reduce Sentence on December 3rd, 2020 (Rec. Doc. 126) and Motion for Post-Conviction Relief under 28 U.S.C. § 2255 on July 12, 2021. (Rec. Doc. 142). Mr. Lewis now moves for compassionate release, relying on the threat posed by the COVID-19 pandemic. (Rec. Doc. 146).

## LEGAL STANDARD

"A court, on a motion by the [Bureau of Prisons ("BOP")] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692 (5th Cir. 2020) (quoting § 3582(c)(1)(A)(i)). To meet the exhaustion requirement, a defendant must submit a request to "the warden of the defendant's facility" for the BOP "to bring a motion [for compassionate release] on the defendant's behalf." § 3582(c)(1)(A). If the request is denied, the defendant must pursue and exhaust "all administrative rights to appeal." *Id*. Alternatively, the requirement is considered satisfied after "30 days from the receipt of such a request by the warden." *Id.*

Once a defendant has exhausted her administrative remedies, the Court may then reduce the defendant's term of imprisonment if it finds that extraordinary and compelling reasons warrant a sentence reduction. *See* 18 U.S.C. § 3582(c)(1)(A). This reduction must be consistent with applicable policy statements of the Sentencing Commission. *Id.* Section 3582(c)(1)(A)(i)'s use of "extraordinary and compelling" captures the truly exceptional cases that fall within no other statutory category and sets "an exceptionally high standard for relief." *United States v. McCoy*, 981 F.3d 271, 287-88 (4th Cir. 2020). The defendant has the burden to demonstrate the extraordinary and compelling reasons supporting her release. *See United States v. Washington*, No. CR 16-19, 2020 WL 4000862, at *3 (E.D. La. July 15, 2020). The U.S.

Sentencing Guidelines provide that a reduction should be granted only if "the defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2) (p.s.).[1] If the Court grants a sentence reduction, it may impose a term of supervised release with conditions, including home confinement, "that does not exceed the unserved portion of the original term of imprisonment." § 3582(c)(1)(A).

## DISCUSSION

Mr. Lewis asserts, and the Government does not dispute that Mr. Lewis has exhausted all administrative requirements to seek compassionate release. (Rec. Docs. 146, at 8 and 151, at 5). Therefore, the Court will now turn to the merits of Lewis's motion.

In order to show he is eligible for compassionate release, Mr. Lewis must demonstrate that there are extraordinary and compelling reasons that warrant a sentence reduction. "Congress has not defined what constitutes 'extraordinary and compelling reasons' for a sentence reduction[.]" *United States v. Cooper*, 996 F.3d 283, 287 (5th Cir. 2021). The Sentencing Commission, though, provided four categories of extraordinary and compelling reasons in the commentary to its only corresponding policy statement: (A) medical conditions; (B) age; (C) family circumstances; and (D) other reasons as determined by the Director for the BOP. U.S. SENT'G GUIDELINES MANUAL § 1B1.13 cmt. n.1 (A)-(D) (U.S. SENT'G COMM'N 2021). Although not dispositive, the commentary to the Sentencing Guidelines provides that a medical condition is sufficiently serious to warrant release "where the defendant either has a

---

[1] Policy statements are binding in § 3582(c) proceedings. *United States v. Garcia*, 655 F.3d 426, 435 (5th Cir. 2011).

terminal illness or a condition that substantially diminishes the ability of the defendant to provide self-care." *Thompson*, 984 F.3d at 433 (internal quotation omitted).

Lewis argues that he presents extraordinary and compelling reasons to grant his compassionate release because the combination of his hypertension and type II diabetes put him at an increased risk for illness from COVID-19. (Rec. Doc. 146, at 2). In opposition, the Government argues that hypertension and type II diabetes are merely commonplace maladies that do not qualify as compelling and extraordinary. (Rec. Doc. 151, at 11). Furthermore, the Government argues that Mr. Lewis has refused to be vaccinated against COVID-19 and has also refused vaccines for MMR, Tdap, Hepatitis A, Hepatitis B, and the flu. *Id.* at 7. The Government asserts that the vaccination status of an inmate is pertinent as to whether they have successfully presented extraordinary and compelling circumstances that justify compassionate release. *Id.*

As the government correctly points out, the Fifth Circuit has held that common ailments such as hypertension and any resulting fear of COVID-19 are not extraordinary or compelling reasons sufficient to justify compassionate release. (Rec. Doc. 151, at 9, 10). The Fifth Circuit stated that "nearly half of the adult population in the United States suffers from hypertension," and thus, any increased risk of COVID-19 because of this condition cannot be said to be terminal. *Thompson*, 984 F.3d at 434. Additionally, other sections of this Court have held that "such commonplace maladies (obesity, hypertension, and diabetes) do not make

4

[Defendant's] case 'extraordinary.'" *United States v. Pendleton*, No. 16-41, 2021 WL 3077365, at *1 (E.D. La. July 21, 2021) (quoting *United States v. Mondragon*, No. 4:18-CR-132 (5), 2021 WL 951797, at *4 (E.D. Tex. Mar. 12, 2021)). Furthermore, Mr. Lewis also does not allege that his ailments affect his ability to provide self-care, and in fact, his medical records indicate that his diabetes and hypertension are being treated and managed while incarcerated. *See* (Rec. Doc. 152-2, sealed). Mr. Lewis's commonplace conditions do not elevate his risk of severe illness to the level of extraordinary and compelling reasons to grant compassionate release.

Furthermore, even if Mr. Lewis's conditions were severe enough to justify release, this Court finds that he has failed to demonstrate that he is not a danger to the community. Although Mr. Lewis's conviction was for a non-violent crime, his past behavior illustrates a pattern of criminal activity. Mr. Lewis has thirteen prior felony convictions including narcotics offenses, burglary, resisting arrest, and issuing worthless checks. (Rec. Doc. 86 ¶¶ 89-102). The conduct for which Mr. Lewis is currently incarcerated involved him filing many false liens against multiple victims as a part of his "sovereign citizen" identity. *Id.* at 5-16. At the time of sentencing, Mr. Lewis had a criminal history category of VI. (Rec. Doc. 151, at 13). Mr. Lewis refers to his work history while incarcerated as well as his low number of infractions as evidence that he would not be a risk to the community upon release. (Rec. Doc. 146, at 7). However, the Government points out that his singular incident report was for a fight in which Mr. Lewis admits to throwing a chair and swinging at a fellow inmate with soap in a sock. (Rec. Doc. 152-3, at 5, sealed). Therefore, this Court finds that

Mr. Lewis has failed to show that he is no longer a danger to the community. However, regardless of Mr. Lewis's potential danger to the community upon release, Mr. Lewis's health conditions and his risk of COVID-19 do not constitute extraordinary and compelling reasons to grant him compassionate release.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Melvin Lewis II's *Motion for Compassionate Release* **(Rec. Doc. 146)** is **DENIED**.

New Orleans, Louisiana, this 15th day of November, 2022.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE