UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                      NO. 14-148

MELVIN LEWIS, II                            SECTION: "J"

## ORDER AND REASONS

Before the Court is a *Motion for Compassionate Release 18 U.S.C. § 3582(c)(1)(A)* **(Rec. Doc. 154)** filed by Defendant, Melvin Lewis II, and an opposition thereto (Rec. Doc. 156) filed by the Government. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that Defendant's motion should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

On June 21, 2016, after a two-day bench trial, Melvin Lewis, II was convicted of 30 counts of mail fraud in violation of 18 U.S.C. § 1341. (Rec. Doc. 82). On October 13, 2016, this Court sentenced him to 240 months of imprisonment. (Rec. Docs. 93, 109). Lewis is currently housed at Edgefield FCI, in Edgefield, South Carolina, with a projected release date of May 21, 2030. *See Find an Inmate,* FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited Nov. 6, 2024). This Court previously denied Lewis's Motion to Reduce Sentence on December 3, 2020 (Rec. Doc. 126), his Motion for Post-Conviction Relief under 28 U.S.C. § 2255 on July 12, 2021

(Rec. Doc. 142), and his Motion for Compassionate Release on November 15, 2022 (Rec. Doc. 153). Mr. Lewis now moves for compassionate release, seeking relief under 18 U.S.C. § 3582(c)(1)(A). (Rec. Doc. 154).

## LEGAL STANDARD

"A court, on a motion by the BOP [Bureau of Prisons] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). To meet the exhaustion requirement, a defendant must submit a request to "the warden of the defendant's facility" for the BOP "to bring a motion [for compassionate release] on the defendant's behalf." 18 U.S.C. § 3582(c)(1)(A). If the request is denied, the defendant must pursue and exhaust "all administrative rights to appeal"; alternatively, the requirement is met "30 days from the receipt of such a request by the warden." *Id.*

Once a defendant has exhausted administrative remedies, the Court may then reduce the defendant's term of imprisonment if it finds that extraordinary and compelling reasons warrant a sentence reduction. *See id.* This reduction must be consistent with applicable policy statements of the Sentencing Commission. *Id.* The defendant has the burden to demonstrate the extraordinary and compelling reasons supporting his release. *See United States v. Washington*, No. 16-19, 2020 WL 4000862, at *3 (E.D. La. July 15, 2020). The United States Sentencing Guidelines

provides that a reduction should be granted only if "the defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(a)(2) (p.s.). If the defendant establishes an extraordinary and compelling reason, the Court then considers the merits of a sentence reduction based on the 18 U.S.C. § 3553(a) factors. *See* 18 U.S.C. § 3582(a). If the Court grants a sentence reduction, it may impose a term of supervised release with conditions, including home confinement, "that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C. § 3582(c)(1)(A).

## DISCUSSION

First, the parties dispute whether Mr. Lewis has met the exhaustion requirement to move for a reduction in sentence. Mr. Lewis included with his motion the request he sent to Warden Janson on December 20, 2023, in which he wrote the following:

> I will like for this office to file a motion on my behalf according to the New Sentencing guidelines pursuant to 18 U.S.C. 3582(c)(1)(a) "unusually long sentences 1b1.(13)(b)(6). Effective November 1, 2023.["] In light of a sentencing Disparity, I have received a 20 year sentence, when defendants with similar crimes recieved a much lower sentence. Also, according to the 3553(a) factors the post conviction rehabilitation may be considered to determined [sic] a much lower sentence.

(Rec. Doc. 154-3, at 1). Mr. Lewis also included Warden Janson's "Response to Inmate Request to Staff Member," which was signed and dated on January 5, 2024. (Rec. Doc. 154-3, at 3). Warden Janson denied Mr. Lewis's request and explained the procedure Mr. Lewis should follow to appeal the decision. *Id.*

The Government points out that Mr. Lewis cited an "unusually long sentence" in his December 2023 request to Warden Janson. (Rec. Doc. 156, at 3). However, Mr. Lewis bases his instant motion for compassionate release on "family circumstances," specifically that his "mother needs care due to her underlying medical conditions" and that Mr. Lewis "would be the primary caregiver." (Rec. Doc. 154, at 3). The Government argues that Mr. Lewis has not met the exhaustion requirement in regard to his request for compassionate release based on "family circumstances."

In *United States v. Rivas*, the Fifth Circuit heard an appeal in which the movant asserted two additional grounds for compassionate release. *United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020). The court held that a movant must exhaust all BOP remedies for *each* argument or ground for compassionate release before filing a motion in federal court. *Id.* The court also explained that "[a]ny holding to the contrary would effectively defeat the purpose of the exhaustion requirement and circumvent clear congressional intent." *Id.* (citing *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020) (emphasis added) ("Congress used clear language: *all requests* for compassionate release must be presented to the Bureau of Prisons before they are litigated in the federal courts.")). In other words, when a defendant has exhausted all administrative remedies for a request based on one of the extraordinary and compelling reasons, that does not mean that he has met the exhaustion requirement for a request based on a *different* extraordinary and compelling reason.

Mr. Lewis has not presented any evidence that he has requested that the BOP bring a motion for compassionate release based on family circumstances on his behalf.

4

Therefore, this Court finds that Mr. Lewis has not met the exhaustion requirement to make the instant motion.

However, even assuming that Mr. Lewis had satisfied the exhaustion requirement, he has failed to establish an extraordinary and compelling reason that would warrant a reduction in his sentence. Mr. Lewis argues that his family circumstances, specifically his mother's medical conditions, are the extraordinary and compelling reasons to reduce his sentence. Mr. Lewis relies on a 2023 revision to the policy statement to the U.S. Sentencing Guidelines § 1B1.13, which expanded the list of "extraordinary and compelling reasons" to include the following: "The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent." U.S.S.G. § 1B1.13(b)(3)(C). Under this extraordinary and compelling circumstance, a movant must establish (1) that his parent is incapacitated, and (2) that he would be the only available caregiver. *Id.*

In the compassionate release context, the BOP has defined incapacitated as the suffering of (1) "a serious injury, or a debilitating physical illness and the result of the injury or illness is that the [parent] is completely disabled, meaning that the [parent] cannot carry on any self-care and is totally confined to a bed or chair;" or (2) "[a] severe cognitive deficit (e.g., Alzheimer's disease or traumatic brain injury that has severely affected the [parent's] mental capacity or function), but may not be confined to a bed or chair." FEDERAL BUREAU OF PRISONS, COMPASSIONATE RELEASE/REDUCTION IN SENTENCE: PROCEDURES FOR IMPLEMENTATION OF 18 U.S.C. §§ 3582 AND 4205(G) 10 (2019), https://www.bop.gov/policy/progstat/5050_050_EN.pdf.

In the instant motion, Mr. Lewis does not specifically allege that his mother is incapacitated, nor does he assert that he would be the only available caregiver. Instead, he states that his mother "needs care due to her underlying medical conditions" and that she is "84 years of age and has serious health issues that desperately need care." (Rec. Doc. 154, at 3). He also states that he "would be the primary caregiver" and that his mother "would be monitored by the defendant which . . . is her sole caregiver." *Id.* Mr. Lewis also included with his motion an after-visit summary for his mother, Ivy T. Walker, from West Jefferson Medical Center. (Rec. Doc. 154-1). This summary contains a list of Ms. Walker's "Current Health Issues" and her medications. *Id.* at 3, 7–9. Among Ms. Walker's listed health diagnoses, she suffers from glaucoma, renal and kidney disease, and arthritis in her right hip. *Id.* at 13. Although the summary does not contain a patient narrative to contextualize Ms. Walker's ailments, she apparently is ambulatory, as indicated by her use of a walker. *Id.*

The Court is sympathetic to Ms. Walker's ongoing medical challenges. However, the evidence Mr. Lewis provided does not establish that his mother is incapacitated. Mr. Lewis, moreover, does not assert that he would be the only available caregiver. For these reasons, this Court finds that, even if he had exhausted his administrative remedies, Mr. Lewis has not demonstrated an extraordinary and compelling reason that warrants a reduction in his sentence, and therefore, this Court need not reach the § 3553(a) factors.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's *Motion for Compassionate Release 18 U.S.C. § 3582(c)(1)(A)* **(Rec. Doc. 154)** is **DENIED**.

New Orleans, Louisiana, this 19th day of November, 2024.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE